UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-178 TLS |
| | ) | |
| SHERIFF HERMAN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Robert Booker submitted the complaint in this case under 42 U.S.C. § 1983 against Allen County Sheriff James Herman and other Allen County Jail officials. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>   In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Booker brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

## A. CONDITIONS OF CONFINEMENT

Mr. Booker alleges that fellow inmate Gordon Graham dumped his colostomy bag in the shower drain and on the day room floor, creating a "bio Haszzard" (sic). (Complaint at p. 4). Later in the complaint, he asserts that, on one occasion, Mr. Graham got feces on a newspaper, and that when Mr. Booker picked up the paper he got feces on his hands. (Complaint at p. 25).

The Fourteenth Amendment's due process clause protects pretrial detainees from cruel and unusual punishments, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). Mr. Booker was a pretrial detainee when he was exposed to Graham, so his claims arise under the Fourteenth Amendment. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). The Constitution does not mandate

2

comfortable prisons or jails, and "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. at, 298, *quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Jails do not have to duplicate the amenities of hotels, and to make out a claim under 42 U.S.C. § 1983, a prisoner must show that intentional actions of the defendants served to deprive him of a constitutional right. *Martin v. Tyson*, 845 F.2d at 1457. Conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations, *Adams v. Pate*, 445 F.2d 105, 108–09 (7th Cir. 1971); *Del Raine v. Williford*, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring), and conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See Jones-Bey v. Wright*, 944 F.Supp. 723, 732 (N.D. Ind. 1996).

Mr. Booker does not allege, and on the basis of his complaint it would not be reasonable to infer, that the shower and day room went uncleaned indefinitely. Though inmates defile, contaminate, and vandalize their environment, jail officials are not liable unless they refuse to have the space cleaned. Though Mr. Booker found it unpleasant to be housed in the same cell block as an inmate with a colostomy bag, doing so did not deny him the minimal civilized measure of life's necessities. Though he alleges that on one occasion he got feces on his hands when he touched the newspaper, he does not allege, and on the basis of this complaint it would not be reasonable to infer, that his injury extended beyond the need to wash his hands. This does not state a claim upon which relief can be granted.

Finally, Mr. Booker alleges that on one occasion, custody officers placed him in a cell with Fred Bibbs, a "man killer." (Complaint at p. 21). Mr. Booker apparently complained and was removed. Officers looked for another cell for him but were unable to find one, resulting in his not having a cell to sleep in that night. The next morning, custody officers were apparently able to find him a cell.

Mr. Booker does not allege that any of the defendants had any personal involvement in this incident. Moreover, Mr. Booker suffered no actual harm from briefly being in the same cell as Bibbs, and while spending one night without a cell with a bunk may have been inconvenient, uncomfortable, and unpleasant, it did not place his welfare at serious risk or deny him the minimal civilized measure of life's necessities, and it did not violate his Constitutional rights. Conditions that would violate the Eighth Amendment if imposed for a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See Jones-Bey v. Wright*, 944 F.Supp. 723 at 732.

## B. RETALIATION

Mr. Booker alleges that on April 2, 2006, custody officers Gray and Lininger retaliated against him for filing a grievance against them by assigning him to cell 2210, the cell in which Graham was housed. According to Mr. Booker, cell 2210 "was not fit for man nor beast to live in" (Complaint at p. 13) because Graham had spread feces all over the cell. The officers told him he if he did not accept the assignment to cell 2210 he would have to "go back to the hole." (Complaint at p. 14). Mr. Booker told them to return him to segregation.

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state a claim for retaliation, the complaint must first allege that the plaintiff was engaged in a Constitutionally protected activity and second, that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. *See Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274 (1977). That is to say, the plaintiff must allege that the retaliatory act would not have occurred "but for" the protected conduct. "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

Only retaliatory conduct that would deter a similarly situated individual of ordinary

4

>firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. This objective inquiry is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

*Dawes v. Walker*, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted), *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982).

Here, the retaliatory act was assigning Mr. Booker to cell 2210.[1] Though an inconvenient cell assignment and an unpleasant cellmate are *de minimis* impositions which a prisoner is required to tolerate, *see Adams v. Pate*, 445 F.2d at 108-109, here, Mr. Booker alleges that he refused to enter Graham's cell because the conditions of cell 2210 were so unsanitary that they violated the Eighth Amendment. That allegation is sufficient to overcome the requirement that the retaliatory conduct was more than *de minimis*.

Mr. Booker, however, does not name officers Gray and Lininger as defendants in this case. He asserts that Sheriff Herman and Jail Commander Stevens were responsible for this violation of his rights because they are Officers Gray and Lininger's supervisors. Mr. Booker does not allege that defendants Herman and Stevens were personally involved in this incident, "and the doctrine of *respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted).

---

[1] The transfer back to segregation was not an act of retaliation because an inmate does not have the right to refuse a cell assignment. Mr. Booker would have been returned to segregation for refusing a cell assignment even if he had not filed a grievance. Therefore, his protected conduct was not the "but for" cause of that adverse action

This court would normally allow Mr. Booker to amend his complaint to add Gray and Lininger, and allow him to proceed against them on his retaliation claim. But Mr. Booker brought this identical claim in *Booker v. Herman*, 1:06-CV-185, a case in which he named officers Gray and Lininger as defendants. In that case, the court concluded that these allegations stated a claim against Gray and Lininger, and afforded Mr. Booker leave to proceed against them on claim that in retaliation for filing grievances against them they gave him the choice of joining Graham in cell 2210 or returning to segregation. Accordingly, there is no need to provide Mr. Booker the opportunity to amend this complaint to name officers Gray and Lininger as defendants.

Mr. Booker also alleges that Officer Gray retaliated against him for refusing to be housed in cell 2210 by not trying to get a substitute food tray for him. Mr. Booker alleges that after his food tray was dropped on the floor, the food was put back into the tray along with dirt and hair. He complained to Officer Gray about the condition of his food, but Officer Gray responded that he did not care and did not want to see it. Later, when he returned to Mr. Booker's cell, Officer Gray said that he would call and try to get another tray. Nevertheless, Mr. Booker alleges that the tray was never replaced and that as a result, he was unable to eat this one meal.

None of the defendants named in this complaint had any involvement in this incident. Officer Gray is not a defendant in this case, but even if he were, missing a single meal on one occasion is a *de minimis* injury, and did not deny Mr. Booker the minimal civilized measure of life's necessities. There are many reasons why people, inmates and free citizens alike, will occasionally miss a meal. It is not extraordinarily uncommon and a person of ordinary fortitude would not be dissuaded from exercising his Constitutional rights because of it. So, though missing this meal might have been unpleasant, it does not state a claim for retaliation.

## C. DISCRIMINATION

Mr. Booker alleges that the Allen County Jail officials treated Graham, a white prisoner, differently than they treated black inmates. He alleges that jail officials never punished Graham for not keeping himself clean, but that they have put black inmates in "the hole" for not showering every three days. Mr. Booker states that when he was placed in segregation for making an unauthorized phone call and hoarding medication, he met "a black man who was put in the hole for not showering . . . His name is James Taylor." (Complaint at p. 4).

Even assuming that jail officials selectively enforced the hygiene rules by putting Mr. Taylor in "the hole" for not showering while not punishing Mr. Graham for the same offense, Mr. Booker lacks standing to assert the rights of other another inmate. "[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (quotation mark omitted).

## D. THREATS FROM OTHER INMATES

Mr. Booker alleges that on one occasion another inmate threatened to "break my nose so that the bone's (sic) would go into my brain." (Complaint at p. 4). This inmate, however, did not actually assault Mr. Booker, and fear of an injury that did not occur does not state a claim for damages. *See Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997).

Mr. Booker alleges that on another occasion this same inmate somehow got his blood on Mr. Booker while he was watching T.V. in the dayroom. Mr. Booker asserts that some inmates at the jail might have communicable diseases such as hepatitis or AIDS. He states that he "had no way of

7

finding out if [the inmate who bled on him] had hepatitis or T.B. or HIV and/or AIDS." (Complaint at p. 4). But even assuming the defendants bear any responsibility for this incident, Mr. Booker is only speculating that this inmate may possibly have had a communicable disease, and he does not assert that he suffered any actual harm from this incident. To state a claim, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim of deliberate indifference relating to his treatment)."

### E. MEDICAL TREATMENT

Mr. Booker alleges that the jail doctor told him that "you do not get good health care in jail and that was a luxury . . . [and that] . . . in the hole or deadlock . . . no one can get to you if something was to happen too (sic) you." (Complaint at p. 16). He asserts that an inmate named Bibbs had a bad heart, and that if Bibbs had another problem with his heart while he was in segregation, "nothing could be done in time to save his life." (Complaint at p. 16). Mr. Booker, however, lacks standing to assert the rights of other another inmate. *Elk Grove Unified Sch. District*, 542 U.S. at 12.

Mr. Booker also alleges that, if he had suffered a medical emergency while he was in segregation, he might have been seriously injured before anyone could have gotten to him. But Mr. Booker does not allege, and on the basis of this complaint it would be unreasonable to infer, that he was actually injured. Fear of an injury that did not occur does not state a claim for damages. *See Welborn*, 110 F.3d at 523-24. "Because he cannot show injury, he cannot make out a claim of deliberate indifference relating to his treatment." *Walker*, 233 F.3d at 502.

8

Mr. Booker also asserts that, on one occasion, a custody officer, instead of a nurse, gave him his medication. (Complaint at p. 17). He suspects that the pill was placebo because jail policy provides that "real" medicine can only be given out by a nurse or a QMA. While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates. This allegation states no claim upon which relief can be granted.

Mr. Booker also suggests that he might be harmed by using nail clippers that had been used by inmates with communicable diseases. (Complaint at p. 17). This is another speculative allegation from which Mr. Booker suffered no harm, and which fails to state a claim upon which relief can be granted.

### F. EXCESSIVE USE OF FORCE

Mr. Booker alleges that on February 26, 2006, "C/O name Lininger pushed me as I was putting dirty clothes in [a] basket as everyone has done." (Complaint at p. 17). A custody officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether a jail official used excessive force, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley*, 475 U.S. at 321. But "[n]ot every push and shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson*, 503 U.S. at 9 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom. Johnson v. Johnson*, 414 U.S. 1033 (1973)). Moreover, the Eighth Amendment's prohibition of cruel

9

and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Hudson*, 503 U.S. at 9-10.

Mr. Booker did not name Officer Lininger as a defendant in this case. The persons he names as defendants had no personal involvement in this incident, and he may not sue them under a *respondeat superior* theory. *Chavez v. Ill. State Police*, 251 F.3d at 651. If Officer Lininger's push stated a claim upon which relief could be granted, the court would allow Mr. Booker to amend his complaint to add him as a defendant. But this incident involved, at most, a *de minimis* push by Officer Lininger—which is not a use of force repugnant to the conscience of mankind, and it does not state a claim upon which relief can be granted.

### G. DISCRIMINATION ON THE BASIS OF RACE, GENDER, AND DISABILITY

Mr. Booker alleges that the defendants discriminated against him on the basis of race, gender, and disability in violation of the Fourteenth Amendment's equal protection clause, and conspired against him to deprive him of medical housing in the jail in violation of the Eighth Amendment. (Complaint p. 16). Mr. Booker does not state any facts supporting any of these claims. "Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).

A plaintiff cannot avoid dismissal of his complaint simply by attaching bare legal conclusions to narrated facts that do not outline the basis of his claims. *Sutliff Inc. v. Donovan Companies*, 727 F.2d 648, 654 (7th Cir. 1984); *Thomas v. Farley*, 31 F.3d 557 (7th Cir. 1994). Even if the Complaint is construed liberally, it does not state a claim either under the Fourteenth Amendment's equal protection clause or under the Eighth Amendment.

### H. CLASSIFICATION

Mr. Booker alleges that "Because I have a cane, . . . classification said that I must be house[d] alone." (Complaint at p. 21). Nevertheless, he asserts that on couple of occasions custody officers briefly double celled him with other inmates. The United States Constitution does not prohibit double celling prisoners. *Rhodes v. Chapman,* 452 U.S. 337 (1981). The policy of not housing Mr. Booker with other inmates arises from jail policy, and violations of state law and jail rules do not state a claim for purposes of § 1983. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Accordingly, this allegation states no claim upon which relief can be granted.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

SO ORDERED on August 22, 2006.

    S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT